IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRISTOPHER ALMANZAR<br>1121 Revere Avenue<br>Bronx, NY 10465<br><br>       *Plaintiff*<br><br>    vs.<br><br>JERALD RIGGS<br>1846 Hill Road<br>Millville, PA 17846<br>    and<br>SOUTHERN MAIL SERVICE, INC.<br>1921 West Commerce Street<br>Dallas, TX 75208<br><br>       *Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## PARTIES

1. Plaintiff, CRISTOPHER ALMANZAR, (hereinafter "Plaintiff") is an adult individual residing at 1121 Revere Avenue, Bronx, New York, 10465.

2. Defendant, JERALD RIGGS (hereinafter "Defendant RIGGS") is an adult individual residing at 1846 Hill Road, Millville, Pennsylvania, 17846.

3. Defendant, SOUTHERN MAIL SERVICE, INC. (hereinafter "Defendant SOUTHERN MAIL"), is a corporation authorized by the Federal Motor Carrier Safety Administration to carry freight in interstate commerce under U.S. DOT # 00172954 with a registered corporate address at 1921 West Commerce Street, Dallas, TX 75208.

## JURISDICTION

4. Paragraphs 1 through 3 are incorporated herein by reference

5. Original jurisdiction is conferred pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and the action is between citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district where the motor vehicle crash that forms the basis for this action occurred.

## FACTUAL ALLEGATIONS

7. Paragraphs 1 through 6 are incorporated herein by reference

8. At all times relevant, and specifically on January 2, 2020, Defendant SOUTHERN MAIL was the registered owner of a large truck tractor trailer with vehicle identification number 4V4NC9EG1HN981093 and Texas license plate No. R439072 (hereinafter "SOUTHERN MAIL tractor trailer").

9. At all times relevant, and specifically on January 2, 2020, Defendant RIGGS was operating the aforementioned Defendant SOUTHERN MAIL tractor trailer and as a part of a delivery that was arranged, contracted for, procured, managed, and facilitated by Defendant SOUTHERN MAIL .

10. At all times material to Plaintiff's causes of action, Defendant RIGGS was the agent, ostensible agent, or employee of Defendant SOUTHERN MAIL and was acting within the course and scope of his employment relationship and/or agency relationship with Defendant SOUTHERN MAIL .

11. On or about January 2, 2020, at approximately 10:10 pm, Plaintiff was lawfully operating his 2013 Chevy Sonic motor vehicle traveling southbound on I-80 East near Mile Marker 2890 in Tunkhannock Township, Monroe County.

12. At the aforementioned date and time, Defendant RIGGS was operating the aforementioned SOUTHERN MAIL tractor-trailer traveling on I-80 East in the left lane next to Plaintiff's vehicle, when suddenly and without warning, he caused his tractor trailer to change lane into Plaintiff's lane, violently striking Plaintiff's vehicle, sending Plaintiff's vehicle into an uncontrollable spin and leaving the road striking a tree before coming to final rest.

13. As a result of the negligence of Defendant, RIGGS, Plaintiff suffered serious, painful and permanent personal injuries to be described in further detail herein.

### COUNT I- NEGLIGENCE

**PLAINTIFF, CRISTOPHER ALMANZAR v. DEFENDANT, JERALD RIGGS**

14. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth herein at length.

15. The aforementioned collision was caused by the negligence, carelessness and recklessness of the Defendant RIGGS as follows:

    (a) in failing to maintain a proper lookout for other vehicles on the roadway;

    (b) in failing to have his commercial motor vehicle under proper and adequate control under the circumstances existing at the time;

    (c) in failing to keep his commercial motor vehicle under proper control;

    (d) in failing to provide warning of an impending lane change;

    (e) in failing to take evasive action in order to avoid violently crashing into Plaintiff's vehicle;

    (f) in failing to operate his commercial motor vehicle at a safe speed;

    (g) in operating his commercial motor vehicle without due regard for the rights, safety and position of the Plaintiff at the point aforesaid;

(h) in operating his commercial motor vehicle at a high and excessive rate of speed under the circumstances and for the conditions existing at the time;

(i) in failing to exercise due care and proper judgment in an attempt to avoid a crash;

(j) in operating his commercial motor vehicle while distracted;

(k) in operating his commercial motor vehicle carelessly attempting to merge or change lanes colliding into Plaintiff's vehicle;

(l) in operating a commercial vehicle in violation of FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways;

16. The negligence of the Defendant RIGGS was the direct and proximate cause of the serious and permanent injuries suffered by Plaintiff, which include but are not limited to, SLAP tear of right shoulder, cervical injury, thoracic injury and lumbar injury.

17. As a result of the above injuries, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future to his great detriment and loss.

18. As a result of the above injuries, Plaintiff has incurred medical treatment and medical bills to his financial detriment, and he will continue to incur such expenses in the future.

19. As a result of the above injuries, Plaintiff was unable to attend to his usual duties, and activities and may be unable to attend to same for an indefinite period of time in the future.

20. As a further result of the accident aforesaid, Plaintiff has suffered monetary loss in the form of lost wages and loss of earning capacity all to his great detriment and loss.

**WHEREFORE,** Plaintiff demands judgment against Defendant jointly and severally in an amount in excess of the statutory limit for arbitration.

### COUNT II – NEGLIGENCE

### PLAINTIFF, CRISTOPHER ALMANZAR vs. DEFENDANT, SOUTHERN MAIL SERVICE, INC.

21. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth herein at length.

22. Defendant is vicariously liable for the negligent actions of Defendant RIGGS as described in paragraph 16 above due to the fact that Defendant RIGGS was acting in the course and scope of his employment with Defendant SOUTHERN MAIL and/or as an agent of Defendant SOUTHERN MAIL TRANSPORT at the time of the aforesaid crash and was operating a vehicle owned by Defendant SOUTHERN MAIL .

23. Defendant SOUTHERN MAIL TRANSPORT is independently liable to Plaintiff for personal injury damages, which were proximally and directly caused by Defendant's own negligence in:

   (a) Allowing Defendant RIGGS to operate the aforesaid commercial vehicle when they knew or should have known that he intended or was likely to use the vehicle in an manner as to create an unreasonable risk of harm to others, including the Plaintiff;

   (b) Allowing Defendant RIGGS to operate the aforesaid commercial vehicle when they knew or should have known that he was not qualified to do so in a safe manner;

   (c) Failing to provide Defendant RIGGS with proper training before allowing him to operate the aforesaid commercial vehicle;

  (d) Failing to properly inspect and maintain the aforesaid commercial vehicle;

  (e) Failing to ensure that the aforesaid commercial vehicle was in compliance with all applicable FMCSA regulations; and

  (f) Allowing Defendant RIGGS to operate a commercial vehicle in such a manner that it created an unreasonable risk of harm to others, including Plaintiff.

24. The negligence of the Defendant SOUTHERN MAIL was the direct and proximate cause of the serious and permanent injuries suffered by the Plaintiff, as described in paragraph 18 above.

25. As a result of the above injuries, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future to his great detriment and loss.

26. As a result of the above injuries, Plaintiff has incurred medical treatment and medical bills to his financial detriment, and he will continue to incur such expenses in the future.

27. As a result of the above injuries, Plaintiff was unable to attend to his usual duties, and activities and may be unable to attend to same for an indefinite period of time in the future.

28. As a further result of the accident aforesaid, Plaintiff has suffered monetary loss in the form of lost wages and loss of earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff demands judgment against Defendant jointly and severally, in in an amount in excess of the statutory limit for arbitration, together with interest and costs.

                                            **RESEPECTFULLY SUBMITTTED:**

                                            **STARK & STARK, P.C.**

By: *Joseph A. Cullen, Jr.*
     JOSEPH A. CULLEN, JR.
     Attorney ID No.: 82167
     777 Township Line Rd., Suite 120
     Yardley, PA 19067
     (267)907-9600 Telephone
     (267)907-9659 Facsimile
     jcullen@stark-stark.com

Dated: April 9, 2021                                 *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury for all triable issues.

                                            **RESEPECTFULLY SUBMITTTED:**

                                            **STARK & STARK, P.C.**

By: *Joseph A. Cullen, Jr.*
     JOSEPH A. CULLEN, JR.
     Attorney ID No.: 82167
     777 Township Line Rd., Suite 120
     Yardley, PA 19067
     (267)907-9600 Telephone
     (267)907-9659 Facsimile
     jcullen@stark-stark.com

Dated: April 9, 2021                                 *Attorneys for Plaintiff*